**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMICA MUTUAL<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WILLIE TIMES, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve: Mr. Willie Times | ) | |
| 9949 Live Oak Ct. | ) | |
| St. Louis, Missouri 63123, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Amica Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES

1.    Plaintiff Amica Mutual Insurance Company is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Lincoln, Rhode Island, and is licensed and authorized to conduct business in the State of Missouri.

2.    Defendant Willie Times is, and at all times material hereto was, a citizen and resident of St. Louis, Missouri.

## JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorneys' fees, and there exists complete diversity of citizenship.

4.       Venue is proper in the Eastern District of Missouri under 28 U.S.C. §1391 because Defendant resides in this District, the events and omissions giving rise to the claim occurred in this District and the property involved is situated in this District.

## GENERAL ALLEGATIONS

5.       Plaintiff brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

6.       An actual justiciable controversy exists between Plaintiff and Defendant and litigation as to this controversy is imminent and inevitable.  Resolution of matters raised in this action will dispose of all issues between the parties under the insurance policy issued by Plaintiff.

7.       All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the insurance policy issued by Plaintiff.

8.       Plaintiff has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

## PLAINTIFF'S INSURANCE POLICY

9.       Plaintiff issued a Homeowners Policy, policy number 60032420KQ, dated March 14, 2019 to March 14, 2020, (the "policy") to Defendant for the property located at 5230 Dewey

Ave., St. Louis, Missouri 63116 (the "subject property"). *See* Exhibit 1, a true and accurate copy of the policy, attached hereto and incorporated herein.

### GROUNDS FOR DECLARATORY JUDGMENT

10.     After the policy became effective on March 14, 2019, Defendant stopped living in the subject property.

11.     Defendant began renting the subject property to Jennifer Weber in April 2019.

12.     Defendant and Ms. Weber had a landlord – tenant relationship.

13.     Ms. Weber paid Defendant monthly rent in the amount of $800 from April through November.

14.     Defendant did not advise Plaintiff that he no longer lived at the subject property.

15.     Defendant did not advise Plaintiff that he was renting the subject property to another individual.

16.     On or about December 1, 2019, a fire occurred at the subject property.

17.     Ms. Weber moved out of the subject property shortly before the fire occurred.

18.     The origin and cause investigation determined that the fire was caused by an intentional human act and that there are several independent areas of origin on the floor.

19.     As part of its investigation, Plaintiff requested that Defendant complete, notarize and return a Sworn Statement in Proof of Loss.

20.     Defendant never returned a properly completed and notarized Sworn Statement in Proof of Loss.

21.     During its investigation of the claim, Plaintiff requested on numerous occasions that Defendant produce documents and records in support of his claim.

22.     Despite these repeated requests, Defendant failed to provide such documents and records to Plaintiff during the claim.

23.     Defendant appeared for his Examination Under Oath on June 9, 2020 and advised that he was relying on a scope from his public adjuster, Paul Abrams, providing that the damages to the subject property total $234,450.82.

24.     Defendant submitted a handwritten contents inventory for his personal property items allegedly damaged in the fire totaling $3,650.

25.     During its investigation, Plaintiff issued a $5,000 personal property advance to Defendant.

26.     One or more of the following provisions, *inter alia*, of the policy apply and bar or may bar coverage in this case for Defendant:

SECTION I – CONDITIONS

***

C.      Duties After Loss

        In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us.  These duties must be performed either by you, an insured seeking coverage, or a representative of either:

        1.      Give prompt notice to us or our agent;

        2.      Notify the police in case of loss by theft;

        3.      Notify the credit card or electronic fund transfer card or access device company in case of loss as provided for in E.6. Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I - Property Coverages;

        4.      Protect the property from further damage.  If repairs to the property are required, you must:

    a.      Make reasonable and necessary repairs to protect the property; and

    b.      Keep an accurate record of repair expenses;

5.     Cooperate with us in the investigation of a claim;

6.     Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss.  Attach all bills, receipts and related documents that justify the figures in the inventory;

7.     As often as we reasonably require:

    a.      Show the damaged property;

    b.      Provide us with records and documents we request and permit us to make copies; and

    c.      Submit to examination under oath, while not in the presence of another insured, and sign the same;

8.     Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

    a.      The time and cause of loss:

    b.      The interest of all insureds and all others in the property involved and all liens on the property;

    c.      Other insurance which may cover the loss;

    d.      Changes in title or occupancy of the property during the term of the policy;

    e.      Specifications of damaged buildings and detailed repair estimates;

    f.      The inventory of damaged personal property described in 6. above;

    g.      Receipts for additional living expenses incurred and records that support the fair rental value loss; and

h.     Evidence or affidavit that supports a claim under E.6 Credit Card, Electronic Fund Transfer Card or Access Device, Forgery And Counterfeit Money under Section I – Property Coverages, stating the amount and cause of loss.

**\*\*\***

R.     Concealment Or Fraud

We provide coverage to no insureds under this policy if, whether before or after a loss, an insured has:

1.     Intentionally concealed or misrepresented any material fact or circumstance;

2.     Engaged in fraudulent conduct; or

3.     Made false statements;

relating to this insurance.

\*\*\*

SPECIAL PROVISIONS – MISSOURI

\*\*\*

Paragraph 8. Intentional Loss is replaced by the following:

8.     Intentional Loss

a.     Intentional Loss means any loss arising out of any act an insured commits or conspires to commit with the intent to cause a loss.

In the event of such loss, no insured is entitled to coverage, even insureds who did not commit or conspire to commit the act causing the loss.

\*\*\*

27.     Based on its investigation of the facts and circumstances surrounding the fire and resulting claim, Plaintiff reasonably concluded that Defendant failed to comply with the conditions of the policy by concealing or misrepresenting material facts and/or circumstances, making false statements and/or engaging in fraudulent conduct affecting matters relating to this

6

insurance, including, but not limited to, no longer living at the subject property and renting the subject property to a tenant, the facts and circumstances surrounding the fire, the extent and the amount of the claim presented and other related matters.

28.     Due to this conduct by Defendant, he is barred from recovery under the policy and no coverage exists for the claimed losses resulting from the fire.

29.     Based on its investigation of the facts and circumstances surrounding the fire and resulting claim, Plaintiff reasonably concluded that Defendant failed to cooperate and comply with his duties after a loss as required under the policy including, but not limited to, failing to provide a properly completed and notarized proof of loss, failing to produce requested documents and records in support of the claim, and failing to cooperate with Plaintiff in the investigation of the claim.

30.     These failures to cooperate by Defendant, despite Plaintiff's reasonable diligence, have severely prejudiced Plaintiff's rights under the policy and, as such, Defendant is barred from recovery under the policy and no coverage exists for the claimed losses resulting from the fire.

31.     Based on its investigation of the facts and circumstances surrounding the fire and subsequent loss, Plaintiff reasonably concluded that Defendant set or conspired to set the fire at the subject property with the intent to cause a loss.

32.     Due to this conduct by Defendant, he is barred from recovery under the policy and no coverage exists for the claimed losses resulting from the fire.

33.     Plaintiff has sustained damage as a result of Defendant's intentional acts, concealments, misrepresentations and/or breaches of the policy conditions in that it has advanced Five Thousand Dollars ($5,000) to Defendant on condition of a reservation of rights, during the

7

course of the claim investigation. Plaintiff is entitled to recoup and/or recover the full amount of advance payments from Defendant. Alternatively, Plaintiff is entitled to a set-off in the amount of said advance payments against any judgment in favor of Defendant.

34. Plaintiff has sustained damage as a result of Defendant's intentional acts, concealments, misrepresentations and/or breaches of the policy conditions in that it has incurred substantial costs and expenses for claim response, investigation, adjusting and evaluating and attorneys' fees, which continue to accrue. Plaintiff is entitled to recoup and/or recover the amount of these costs and expenses from Defendant.

WHEREFORE, Plaintiff Amica Mutual Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the policy and enter a judgment construing the policy including applicable coverage provisions, exclusions and conditions thereunder in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover the amount of advance payments, costs and expenses incurred in its investigation, including adjustment and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax: 314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Amica
Mutual Insurance Company